UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TINA M. S.,

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

CASE NO. 3:26-CV-5147-DWC

ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS

Plaintiff filed this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of Defendant's denial of her applications for supplemental security income ("SSI") and disability insurance benefits ("DIB").[1] The Court concludes that the Administrative Law Judge ("ALJ") erred in evaluating medical opinion evidence. Had the ALJ properly considered this evidence, the residual functional capacity ("RFC") may have included additional limitations, or the ultimate determination of disability may have changed. The ALJ's error, therefore, is not harmless, and this matter is reversed and remanded pursuant to sentence four of 42 U.S.C. §

[1] Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 3.

405(g), to the Commissioner of the Social Security Administration for further proceedings consistent with this order.

## I. Procedural History

Plaintiff protectively filed an application for DIB pursuant to 42 U.S.C. § 423 (Title II) on January 30, 2012, alleging disability as of September 10, 2011. Administrative Record ("AR") 328.[2] Plaintiff's claim was denied initially on August 17, 2012. AR 328. Plaintiff did not appeal the denial.

On May 23, 2016, Plaintiff filed another claim, alleging the same onset date in her previous application. AR 16, 486-87. Plaintiff's claim was denied on July 21, 2016, and upon reconsideration on September 8, 2016. AR 16. Plaintiff subsequently filed an application for SSI benefits pursuant to 42 U.S.C. § 1382(a) on September 28, 2016. AR 16, 489-97.

The matter came on for a hearing before ALJ Rebecca Jones ("ALJ Jones") on December 13, 2017. AR 288-89. ALJ Jones concluded there was a procedural error with Plaintiff's SSI claim and sent it back to the State Agency ("DDS") for further consideration. AR 16, 288-89. DDS allowed Plaintiff's SSI claim, determining that she was disabled since September 28, 2016. AR 16.

Plaintiff's supplemental hearing before ALJ Jones was held on December 21, 2018. AR 16. On May 21, 2019, ALJ Jones issued a decision and found that Plaintiff was not disabled and did not qualify for DIB between September 10, 2011, and June 30, 2013, the date last insured ("DLI"). AR 17. ALJ Jones did not address Plaintiff's claim for SSI. AR 16. The Social Security

---

[2] Plaintiff argues that the ALJ de facto reopened Shafer's 2012 claim because the ALJ "considered 'on the merits' whether [Plaintiff] was disabled during an already-adjudicated period" dating back to September 30, 2011. Dkt. 11 at 18. Neither the ALJ nor the Commissioner address this issue, so the Court finds that the ALJ de facto reopened Plaintiff's original application with an alleged onset date of September 30, 2011. Dkt. 14 at 1-19; AR 3402-20.

Appeals Council ("Appeals Council") denied review on May 15, 2020, making the Commissioner's final decision subject to judicial review. AR 1-4. Plaintiff then filed a Complaint in the United States District Court for the Western District of Washington. AR 2723-25.

By an order entered on May 24, 2021, United States Magistrate Judge Theresa L. Fricke reversed and remanded the Commissioner's decision for further proceedings. AR 2740-41. Judge Fricke held that ALJ Jones erred when she determined that Plaintiff "did not have a medically severe impairment" at Step 2 of the sequential evaluation process. AR 2737. Judge Fricke's decision was based, in part, on ALJ Jones's failure to properly consider the medical opinions of Vanessa Honn, Ph.D., a treating provider, and Alyssa Ruddell, Ph.D., an examining provider. AR 2730-37.

The matter came on for a second hearing on February 15, 2022, before ALJ Malcolm Ross ("ALJ Ross"). AR 2681-97. ALJ Ross issued a decision on April 13, 2022, and also determined that Plaintiff was not disabled. AR 3215. The Appeals Council denied review, and Plaintiff filed a Complaint in this Court on June 27, 2022, seeking review of the Commissioner's decision. AR 3223.

On December 7, 2022, United States Magistrate Judge S. Kate Vaughan entered an order reversing and remanding the Commissioner's decision for further proceedings. AR 3225. Judge Vaughan held that ALJ Ross's findings were "in direct contradiction to the [previous] court remand order …, and [ALJ Ross] reiterated reasons previously found erroneous" when disregarding the medical opinions of Dr. Honn and Dr. Ruddell. AR 3229-31.

The matter came on for a third hearing on July 24, 2023. AR 3166-91. On September 6, 2023, ALJ David Johnson ("ALJ Johnson") issued a decision and concluded that Plaintiff was

not disabled. AR 3154. ALJ Johnson gave “no weight” to Dr. Ruddell’s “opinions [regarding Plaintiff’s] functional limitations and abilities.” AR 3151. Plaintiff proceeded to file a complaint in this Court on November 9, 2023. AR 3499.

United States Magistrate Judge Grady Leupold entered an order on July 2, 2024, reversing and remanding the Commissioner’s decision for further proceedings. AR 3503-13. Judge Leupold held that ALJ Johnson erred by discounting Dr. Ruddell’s medical opinion on the basis that she “did not assert that her opinion related to the claimant’s condition during the relevant period of September 2011 through June 2013” and she allegedly did not “review any records when she examined Plaintiff in 2016.” AR 3509-11 (internal quotation marks omitted).

The matter most recently came on for a hearing on September 9, 2025, before ALJ Johnson. AR 3430. ALJ Johnson issued a decision on September 26, 2025, once again determining that Plaintiff was not disabled between September 11, 2011, through June 30, 2013. AR 3420. The Appeals Council denied review, and Plaintiff filed a Complaint in this Court on February 23, 2026. AR 3392-98; Dkt. 6.

## II. Standard of Review

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner’s denial of social security benefits if the ALJ’s findings are based on legal error or are not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)). Substantial evidence is “such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.” *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (citation omitted). “We review only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which [they] did not rely.” *Garrison v. Colvin*, 759 F.3d 995, 1010 (9th Cir. 2014).

## III. Discussion

Plaintiff argues that ALJ Johnson erred in: (1) rejecting her subjective testimony regarding her symptoms and limitations; (2) rejecting Dr. Ruddell's medical opinion; and (3) basing her RFC on inaccurate job incidence data. Dkt. 11 at 4, 11, 14. Plaintiff requests this matter be remanded for an award of benefits. *Id*. at 18-20.

A. <u>Medical Opinion Evidence</u>

This case was filed before March 27, 2017, and is therefore governed by the old regulations for evaluating opinion evidence. 20 C.F.R. § 404.1527(b).

"Generally, the opinion of a treating physician must be given more weight than the opinion of an examining physician, and the opinion of an examining physician must be afforded more weight than the opinion of a reviewing physician." *Ghanim v. Colvin*, 763 F.3d 1157, 1160 (9th Cir. 2014) (citing *Holohan v. Massanari*, 246 F.3d 1195, 1202 (9th Cir. 2001)). The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (*citing Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988); *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990)).

When a treating or examining physician's opinion is contradicted, the opinion can be rejected "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester*, 81 F.3d at 830-31 (*citing Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). The ALJ can accomplish this by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (*citing Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).

B. Dr. Ruddell's Opinion

Dr. Ruddell conducted a Psychological/Psychiatric Evaluation of Plaintiff on September 19, 2016. AR 861. Dr. Ruddell did a clinical interview and a mental status examination ("MSE") as part of the evaluation. AR 859, 862.

Dr. Ruddell diagnosed Plaintiff with post-traumatic stress disorder ("PTSD") and anxiety. AR 860. Dr. Ruddell opined the diagnosed conditions began around 2005. AR 860. In Dr. Ruddell's opinion, Plaintiff had marked limitations in her ability to: (1) learn new tasks; (2) adapt to changes in a routine work setting; (3) maintain appropriate behavior in a work setting; (4) complete a normal work day and work week without interruptions from psychologically based symptoms; and (5) set realistic goals and plan independently. AR 861.

ALJ Johnson gave "very little weight" to Dr. Ruddell's opinion regarding Plaintiff's "functional limitations and abilities" for several reasons. AR 3415. First, ALJ Johnson discounted Dr. Ruddell's opinion because she "did not state that [it] related to the claimant's condition through the date late insured," and "nothing in the examination … support[ed] that assertion." AR 3415. Second, ALJ Johnson found that Dr. Ruddell's opinion was "not consistent with normal mental status findings" from Plaintiff's treatments with Dr. Honn from May and June of 2016. AR 3415. Third, ALJ Johnson found that Dr. Ruddell's opinion was less persuasive because the information in her evaluation "represent[ed the] client['s] report." AR 3415. Finally, ALJ Johnson determined that Dr. Wiese, the medical expert that testified at Plaintiff's disability hearing, had a more consistent opinion with the evidence in the record and was therefore entitled more weight. AR 3415.

The Court concludes the ALJ erred in discounting Dr. Ruddell's opinion with all four rationales. Each will be discussed in turn.

*i. Dr. Ruddell's Opinion in Relation to Plaintiff's DLI*

First, the ALJ gave little weight to Dr. Ruddell's opinion because it was outside the scope of the DLI. AR 3415.

"[R]eports containing observations made after the [DLI] are relevant to assess the claimant's disability." *Smith v. Bowen*, 849 F.2d 1222, 1125 (9th Cir. 1988) (citing *Kemp v. Weinberger*, 522 F.2d 967, 969 (9th Cir. 1975)). This is so because "medical reports are inevitably rendered retrospectively and should not be disregarded solely on that basis." *Smith*, 849 F.2d at 1125 (citing *Bilby v. Schweiker*, 762 F.2d 716, 719 (9th Cir. 1985)).

Dismissing Dr. Ruddell's opinion, in part, because she did not say it related to Plaintiff's condition during the period at issue has been addressed in two of three of the remand orders from this Court. AR 2731, 3230-31. Judge Fricke first concluded that Dr. Ruddell's opinion was relevant, even though it was rendered post-DLI. AR 2731. And Judge Vaughan found that the ALJ dismissed Dr. Ruddell's opinion on the same basis despite the previous "remand order [finding] error in this line of reasoning." AR 3231. Yet again, here, "the ALJ entered findings [that were] in direct contradiction to the [C]ourt remand." *Id*. This was an improper basis for discounting Dr. Ruddell's opinion.[3]

Moreover, regardless of the prior remand orders, the ALJ's findings are not supported by substantial evidence. Dr. Ruddell's opinion indicated that Plaintiff's onset date for anxiety and PTSD was around 2005. AR 860. This, in addition to the fact that Dr. Ruddell's opinion was consistent with Dr. Honn's examinations, *infra* Part IV(B)(ii), supports that Dr. Ruddell's opinion is relevant for evaluating Plaintiff's alleged disability during the period at issue.

---

[3] Rejecting a physician's opinion that is rendered after the DLI is permissible when they fail to establish the basis for their opinion, such as when the claimant was disabled by their impairments. *See Tidwell*, 161 F.3d at 602. But, that is not the case here because Judge Fricke concluded that "the diagnoses offered by Dr. Ruddell were consistent with those rendered by Dr. Honn and supported elsewhere in the record." AR 2731.

Therefore, the Court concludes the ALJ's finding is not specific and legitimate, and it is not supported by substantial evidence.

ii. *Inconsistencies Between Dr. Ruddell's Opinion and Dr. Honn's Examinations*

Second, the ALJ determined that Dr. Ruddell's opinion was inconsistent with the mental status findings from Plaintiff's psychological examinations with Dr. Honn between May 2013 and June 2016. AR 808-57, 3415.

The ALJ pointed to the fact that Plaintiff "had[, among other things,] normal attention, memory speech, grooming, motor activity, expressive language, orientation, and thought processes." AR 3415. Indeed, many of the mental status examinations conducted by Dr. Honn noted normal findings. AR 808-57. And, the examinations *generally* showed improvement in the Plaintiff's condition. *Id.* The ALJ, however, does not adequately explain how Dr. Ruddell's opinion is inconsistent these findings; rather, the ALJ provided only a list of Dr. Honn's findings and concluded that those findings were inconsistent with Dr. Ruddell's opinion. AR 3415. Similar to Dr. Honn, Dr. Ruddell's notes indicated Plaintiff had appropriate appearance, normal motor activity, full orientation, and normal stream of mental activity and speech, and Plaintiff's attitude and behavior were within normal limits. AR 862. Additionally, nearly all of Dr. Honn's records noted Plaintiff exhibiting an anxious mood and/or affect, which is similar to Dr. Ruddell's findings where she determined Plaintiff suffered from marked anxiety. AR 808-57, 860-62, 3510.

Specific examinations also support Dr. Ruddell's opinion. For instance, on May 8, 2013, Plaintiff's first appointment with Dr. Honn, Plaintiff expressed that it was "very hard" to leave her house. AR 854. Plaintiff reported that she left her house two to three times a week, but she previously left only two to three times a month. AR 854. Throughout Plaintiff's treatment with

Dr. Honn, Plaintiff was able to leave the house more often, but she still struggled doing so. AR 808-57. Even in 2015, Plaintiff reported having episodes of panic attacks and she was "afraid to go out much." AR 814.

When viewing Dr. Honn's treatment notes in totality, there is support for Dr. Ruddell's opinion. *Ghanim*, 763 F.3d at 1162 (explaining that observations regarding a claimant's condition must be viewed in the "'context of the overall diagnostic picture'" (quoting *Holohan*, 246 F.3d at 1205)). Just because Plaintiff made some improvement does not mean she was suffering from a marked limitation resulting from her anxiety and PTSD. *Holohan*, 246 F.3d at 1205 ("[A] person who suffers from severe panic attacks, anxiety, and depression [that] makes some improvement does not mean that the person's impairments no longer seriously affects her ability to function in a workplace."); *Ghanim,* 763 F.3d at 1162.

The Court concludes that the ALJ has failed to adequately explain how Dr. Ruddell's opinion is inconsistent with Dr. Honn's treatment notes. Therefore, the ALJ's finding is not specific and legitimate, and it is not supported by substantial evidence.

*iii. Plaintiff's Self-Reports*

Third, the ALJ discounted Dr. Ruddell's opinions because they relied on Plaintiff's self-reports. AR 3415.

An ALJ may reject a physician's opinion "if it is based 'to a large extent' on a claimant's self-reports that have been properly discounted as incredible." *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (quoting *Morgan v. Comm'r. Soc. Sec. Admin.*, 169 F.3d 595, 602 (9th Cir. 1999)). This situation is distinguishable from one in which the doctor provides her own observations in support of her assessments and opinions. *See Ryan v. Comm'r of Soc. Sec. Admin.*, 528 F.3d 1194, 1199-1200 (9th Cir. 2008). "[W]hen an opinion is not more heavily

based on a patient's self-reports than on clinical observations, there is no evidentiary basis for rejecting the opinion." *Ghanim*, 763 F.3d at 1162 (citing *Ryan*, 528 F.3d at 1199-1200). Notably, a psychiatrist's clinical interview and MSE are "objective measures" which "cannot be discounted as a self-report." *Buck v. Berryhill*, 869 F.3d 1040, 1049 (9th Cir. 2017).

Here, the ALJ failed to explain how Dr. Ruddell's opinion was based on Plaintiff's subjective reports, except for recounting Dr. Ruddell noted that "[i]nformation in [her] evaluation represent[ed the] client['s] report." *See* AR 859, 3415. "[I]t is incumbent on the ALJ to provide detailed, reasoned, and legitimate rationales for disregarding the physicians' findings[;]" conclusory reasons do "not achieve the level of specificity" required to justify an ALJ's rejection of an opinion. *Embrey*, 849 F.2d at 421-22.

Further, the record does not show Dr. Ruddell relied more heavily on Plaintiff's self-reported symptoms than other information and objective evidence. *See* 858-63. Rather, in reaching her opinion, Dr. Ruddell observed Plaintiff and conducted a clinical interview and a MSE. *See* AR 859-63. Dr. Ruddell did not discredit Plaintiff's subjective reports and supported her ultimate opinion with objective testing, personal observations, and a clinical interview.

Because the ALJ's finding is conclusory and Dr. Ruddell's opinion was not more heavily based on Plaintiff's self-reports, the Court concludes the ALJ's finding is not specific and legitimate, and it is not supported by substantial evidence.

*iv. Dr. Wiese's Opinion*

Finally, the ALJ found Dr. Ruddell's opinion was entitled to little weight because Dr. Wiese's opinion was given great weight. AR 3415. Dr. Wiese concluded[4] that while there was "evidence of anxiety" during the period at issue, Plaintiff's symptoms did not amount to a Step 3

[4] Dr. Wiese testified at Plaintiff's third disability hearing on July 24, 2023. AR 3169-80.

listing. AR 3179. Dr. Wiese explained that that Plaintiff's symptoms did not "appear to be severe on a continuous basis until" June 2016. AR 3170-71. Dr. Wiese's opinion was based, in part, on the absence of any documentation detailing the severity of Plaintiff's symptoms prior to the DLI. AR 3179-80.

The Court finds that the ALJ determined Dr. Wiese's opinion was entitled to "greater weight" than Dr. Ruddell's opinion for three reasons. First, the ALJ observed "[t]he lack of [a] functional limitation present before the [DLI] despite [Plaintiff's] anxiety [was] consistent with [Dr. Wiese's] opinions." AR 3415. Second, the ALJ noted that Dr. Wiese found Dr. Ruddell's opinion to be inconsistent with Plaintiff's "condition from the relevant period of September 2011 through June 2013." AR 3415. And third, the ALJ observed that Dr. Ruddell's opinion was based on Plaintiff's subjective reports. AR 3415.

As previously explained, an ALJ must provide a specific and legitimate reason to give greater weight to an examining physician over a reviewing physician. *Lester*, 81 F.3d at 830-31. Here, the ALJ failed to do so, as he failed to give adequate reason as to why Dr. Wiese's opinion deserved greater weight, and he based his decision on improper reasons.

First, this Court has previously concluded that "Plaintiff's agoraphobia and avoidance behaviors [were] documented in the record," despite there being a gap in treatment prior to the DLI. AR 2734. Second, this Court has also concluded that Dr. Ruddell's opinion was consistent with Dr. Honn's examinations. *Supra* Part IV(B)(ii); AR 2731, 3230-31. Third, the ALJ's reasoning is conclusory. The ALJ gave more weight to Dr. Wiese's opinion, in part, because Dr. Ruddell's opinion was not consistent with Dr. Wiese's findings. AR 3415. But the ALJ did not explain how Dr. Wiese concluded that Plaintiff exhibited only moderate limitations during the period at issue. AR 3415; *Embrey*, 849 F.2d at 421-22. Finally, the ALJ impermissibly

determined that Dr. Ruddell's opinion was based on Plaintiff's subjective reports and provided little to no support for this finding. *Supra* Part IV(B)(iii).

Therefore, the Court concludes the ALJ's decision to give greater weight to Dr. Wiese's opinion over Dr. Ruddell's is not specific and legitimate, and it is not supported by substantial evidence.

C. Harmless Error

"[H]armless error principles apply in the Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012), *superseded on other grounds by* 20 C.F.R. § 404.1502(a). Generally, an error is harmless if it is not prejudicial to the claimant and is "inconsequential to the ultimate nondisability determination." *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see also Molina*, 674 F.3d at 1115.

Applying the harmless error analysis, the Court concludes that the ALJ committed harmful error in evaluating the medical opinion evidence because, had the ALJ properly considered Dr. Ruddell's opinion, Plaintiff's RFC may have included additional limitations, or the ultimate determination of disability may have changed. The ALJ's error, therefore, is not harmless, and the proper disposition is to reverse and remand the matter for additional proceedings. *See Stout*, 454 F.3d at 1055; *see also Molina*, 674 F.3d at 1115.

D. Remaining Issues

In light of this disposition, the Court need not address Plaintiff's remaining arguments regarding her subjective symptom testimony or her RFC because, on remand, the ALJ is instructed to reconsider the entire Social Security sequential evaluation process, including Plaintiff's subjective symptom testimony and, if necessary, Plaintiff's RFC. *See* Social Security Ruling 96-8p, 1996 WL 374184 (1996) (an RFC "must always consider and address medical

source opinions"); *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009) ("[A]n RFC that fails to take into account a claimant's limitations is defective."); *Watson v. Astrue*, No. ED-CV-09-1447-PLA, 2010 WL 4269545, at *5 (C.D. Cal. Oct. 22, 2010) (concluding the RFC and hypothetical questions posed to the vocational expert at Step Five were defective when the ALJ did not properly consider physicians' findings).

E. <u>Remedy</u>

Plaintiff requests this Court remand the case for an award of benefits, or in the alternative, remand "with directions to determine an appropriate onset date." Dkt. 11 at 19.

"'The decision whether to remand a case for additional evidence, or simply to award benefits[,] is within the discretion of the court.'" *Trevizo v. Berryhill*, 871 F.3d 664, 682 (9th Cir. 2017) (alterations in the original) (quoting *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987)). Generally, "'[i]f additional proceedings can remedy defects in the original administrative proceeding, a social security case should be remanded.'" *Garrison*, 759 F.3d at 1019 (alterations in the original) (*Lewin v. Schweiker*, 654 F.2d 631, 635 (9th Cir. 1981)).

Courts apply the credit-as-true test when evaluating whether remand with instructions to enter and an award of benefits is appropriate. *Trevizo*, 871 F.3d at 682-83. In doing so, courts consider whether:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

*Garrison*, 759 F.3d at 1020. In some instances, "[a]llowing the Commissioner to decide the issue again would create an unfair 'heads we win; tails we play again' system of disability benefits adjudication." *Benecke v. Barnhart*, 379 F.3d 587, 597 (2004). But remanding with instructions

to enter an award for benefits occurs only in rare circumstances. *Moisa v. Barnhart*, 367 F.3d 882, 886 (9th Cir. 2004).

Here, the third factor is not satisfied. The record does not clearly show that, *if* Dr. Ruddell's opinion was given great weight, Plaintiff would be found disabled on remand. The Court, however, is mindful that "[r]emanding a disability claim for further proceedings can delay much needed income for claimants who are unable to work and are entitled to benefits, often subjecting them to 'tremendous financial difficulties while awaiting the outcome of their appeals and procedures on remand.'" *Benecke*, 379 F.3d at 597 (quoting *Varney v. Secretary of Health & Human Services*, 859 F.2d 1396, 1398 (1988)). And the Court is also aware that this is the *fourth* appeal in this case, which is a result of the numerous errors made by the Commissioner. AR 2737, 3231-32, 3511-12.

Therefore, in light of the ALJ's *repeated* errors in discounting Dr. Ruddell's opinion, on remand, the ALJ is directed to assign great weight to Dr. Ruddell's opinion and include the opined limitations in Plaintiff's new RFC and throughout the remaining steps of the sequential evaluation process.

## IV. Conclusion

Based on the foregoing reasons and the relevant record, the Court **ORDERS** that this matter be **REVERSED** and **REMANDED**. As stated above, on remand, the ALJ is directed to assign great weight to Dr. Ruddell's opinion and include the opined limitations in Plaintiff's new RFC and throughout the remaining steps of the sequential evaluation process.

Dated this 26th day of August, 2026.

David W. Christel
United States Magistrate Judge